NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 11-4584

_____

GAIL E. JOHNSON,
                              Appellant
v.

COMMISSIONER OF SOCIAL SECURITY

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-10-cv-05862)
District Judge:  Honorable Susan D. Wigenton

_____

Submitted Under Third Circuit LAR 34.1(a)
September 18, 2012

Before: SLOVITER, RENDELL, and HARDIMAN, Circuit Judges

(Filed:  September 19, 2012)

_____

OPINION

_____

SLOVITER, *Circuit Judge*.

Gail Johnson appeals from the decision of the District Court affirming the administrative denial of her application for Social Security Disability Insurance ("SSDI"). We will affirm.

## I.

Because we write primarily for the parties, who are aware of the relevant facts, we discuss them only briefly. Additionally, because Johnson was denied SSDI for October 2002 through June 2005, we limit the factual background to that time period ("the insurance period").

Johnson's disability claim is based on degenerative disk disease with additional consideration for, inter alia, obesity, asthma, diabetes, previous injuries to joints in her extremities, and the side effects of various pain medications. According to Johnson, these ailments limited her ability to sit, stand, or walk for extended periods, use fine finger motions, reach above her head, concentrate, and carry objects over ten to fifteen pounds. Medical reports from numerous hospitals and doctors differ on the presence and the severity of Johnson's alleged impairments throughout the insurance period.

Prior to October 2002, Johnson was a secretary and had also worked in customer service and food preparation. During the insurance period, Johnson cared for herself and her children, did some household chores, shopped for groceries with the use of a motorized cart, and sometimes cooked. She reported spending much of the day in bed with back pain.

Johnson first applied for SSDI in November, 2003, claiming disability since October, 2002. Johnson's initial application was denied and, after a hearing on appeal, the denial was affirmed by an Administrative Law Judge ("ALJ") in September, 2006. The District Court reversed this ruling and remanded the matter for failure to "properly consider all the medical evidence," including Johnson's obesity. App. at 28-30.

On remand, Johnson's claim was again denied by the ALJ who found that, notwithstanding the effects of her obesity, Johnson's condition did not meet a listed impairment and that she could perform sedentary work that was available in the region. The District Court affirmed the ALJ's denial.

## II.

### Discussion

This court has jurisdiction under 42 U.S.C. § 405(g). The review of the ALJ's decision is "limited to determining whether that decision is supported by substantial evidence." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). Substantial evidence is less than a preponderance of the evidence, but "more than a mere scintilla"; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In determining whether substantial evidence exists, this court cannot re-weigh the evidence or substitute its judgment for that of the ALJ. *Burns v. Barnhart,* 312 F.3d 113, 118 (3d Cir. 2002). Thus, we will uphold the ALJ's decision even if there is contrary evidence that would justify

3

the opposite conclusion, as long as the "substantial evidence" standard is satisfied. *Simmonds v. Heckler,* 807 F.2d 54, 58 (3d Cir. 1986).

Johnson argues that the ALJ and District Court improperly evaluated her reports of pain when determining that she could perform sedentary work. In an SSDI evaluation, the ALJ must consider all symptoms and pain that "can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. § 404.1529(a). Moreover, the claimant must show an underlying impairment that may "reasonably be expected to produce [the] alleged symptoms." *Id.* § 404.1529(b).

Although there is proof of some abnormalities that create discomfort, Johnson's condition was not so extreme that debilitating pain was reasonably expected. Specifically, Johnson's spinal disks were bulging but had not herniated, she had not compromised nerve roots, or demonstrated other conditions considered debilitating by SSDI list of impairments in appendix 1 to subpart P of part 404. *See* 20 C.F.R. § 416.920(a)(iii). Furthermore, the ALJ discussed inconsistencies in Johnson's testimony and her objective medical report, thereby expressly limiting Johnson's credibility. The ALJ cited doctors' notes contrasting Johnson's reported limitations with her apparent ability to lift her children, stand and walk without assistance, and sit for extended periods while shopping in a motorized cart.

Johnson claims that the ALJ wrongfully disregarded the report by Dr. Rajapakse that Johnson was credible in her complaints of extreme pain. A treating physician's report should be accorded great weight "when the opinion reflects an expert judgment

4

based on a continuing observation of the patient's condition over a prolonged period of time." *Podedworny v. Harris*, 745 F.2d 210, 217 (3d Cir. 1984). "An ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence." *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) (citing *Newhouse v. Heckler,* 753 F.2d 283, 286 (3d Cir.1985)).

Here, the ALJ considered Dr. Rajapakse's report but concluded that it was not credible because the supporting examination notes reflected only medication refills and Dr. Rajapakse's conclusions were substantially different than those reached by all the other doctors. In light of the considerable medical evidence contradicting Dr. Rajapakse's opinion, his contrary report does not defeat the substantial evidence supporting the ALJ's ruling.

Johnson next asserts that the ALJ and District Court erred in finding that she did not meet a listed impairment because the ALJ failed to consider her "multiple impairments in combination," namely, her orthopaedic and pulmonary impairments and obesity. Johnson Brief at 47. When making determinations, the ALJ "must consider all evidence before him" and "must give some indication of the evidence which he rejects and his reason(s) for discounting such evidence." *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000). "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'" *Id.* (quoting *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).

Here, ALJ O'Leary did consider Johnson's obesity in combination with her other impairments, but found that the obesity did not deprive Johnson of the ability to ambulate effectively. Indeed, the principal factor in the ALJ's determination of listed impairments was Johnson's ability to ambulate effectively, and he explicitly "considered obesity in context of the overall record evidence." App. at 339. With respect to Johnson's orthopaedic and pulmonary deficiencies, the ALJ made it clear that he considered "all of the claimant's impairments, including impairments that are not severe." App. at 336-37. He thus noted that Johnson "has had asthma all her life" and considered her orthopaedic limitations. App. at 340. Moreover, in evaluating Johnson's impairments, the ALJ discussed in detail the limits of her credibility based on the objective medical evidence and conflicts in her statements, thereby satisfying the requirements of *Burnette*.

Finally, Johnson asserts that the District Court and ALJ wrongfully relied upon the testimony of the vocational expert because the hypothetical questions posed did not include Johnson's depression, insomnia and obesity. Hypothetical questions posed by the ALJ to the vocational expert must include all undisputed impairments in order to support a disability determination. *See Podedworny*, 745 F.2d at 218. "Where there exists in the record medically undisputed evidence of specific impairments not included in a hypothetical question to a vocational expert, the expert's response is not considered substantial evidence." *Burns*, 312 F.3d at 123.

Here, the ALJ did, in fact, pose and consider hypothetical questions about the effects of Johnson's obesity. Specifically, the hypothetical included assumptions that

6

"the individual is restricted to sedentary work . . . [and] jobs that would . . . allow her to alternate sitting and standing at her election." App. at 521. To this and Johnson's other impairments, the vocational expert responded that there were appropriate positions available in the area, including document prep worker, surveillance system monitor, and registration clerk. Moreover, there is no evidence to support Johnson's claims of depression and insomnia during the relevant period.

## III.

The ALJ had substantial evidentiary support for the conclusion that, between October 2002 and June 2005, Johnson was able to ambulate effectively and perform some sedentary work and that she was therefore not disabled. The ALJ adequately evaluated the record as a whole and explained his reasoning for his findings. Accordingly, we will affirm the judgment of the District Court.